UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAXITRANSFERS LLC,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>ENVIOS LA COSTENITA 1, INC. et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:24-cv-01016-LK<br><br>ORDER OF DISMISSAL |

　　　　This matter comes before the Court sua sponte. Plaintiff Maxitransfers LLC has sued Defendants Envios La Constenita 1, Inc. and Nancy Cardenas Garcia, alleging that "[s]ubject matter jurisdiction is proper in this court as the parties are citizens of different states and the amount in controversy exceeds $75,000." Dkt. No. 1 at 2. However, the complaint fails to establish subject matter jurisdiction.

　　　　Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas*

ORDER OF DISMISSAL - 1

*AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). When subject matter jurisdiction is absent, courts "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Dodo Int'l, Inc. v. Parker,* No. C20-1116-JCC, 2020 WL 12834160, at *1 (W.D. Wash. Dec. 30, 2020).[1] "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Maxitransfers avers that it "is a Delaware limited liability company with its principal place of business" in Irving, Texas. Dkt. No. 1 at 1. An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. According to Maxitransfers, "[i]ts sole member is a California trust." Dkt. No. 1 at 1. Maxitransfers does not identify this trust in its complaint, but represents in its corporate disclosure statement that the trust is "2020 Maxitransfers Trust, a trust organized under the law of California." Dkt. No. 6 at 1. Citizenship of a trust depends upon whether it is a "traditional trust" or an unincorporated artificial entity which possesses the "trust" label but has "little in common with traditional trusts." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1229 (9th Cir. 2019); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). Maxitransfers' complaint is bereft of any such information. *See generally* Dkt. No. 1.

To the extent 2020 Maxitransfers Trust is a traditional trust, it "has the citizenship of its trustee or trustees." *Johnson*, 437 F.3d at 899. In its corporate disclosure statement (and not its complaint), Maxitransfers states that "[t]he sole trustee of 2020 Maxitransfers Trust is Joseph M.

---

[1] "If the information necessary to establish the diversity of the citizenship of a defendant is not reasonably available to a plaintiff, the plaintiff may plead its jurisdictional allegations as to that defendant on information and belief." *Dodo Int'l*, 2020 WL 12834160, at *2 (cleaned up and quoting *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014)).

Niehaus, a California resident." Dkt. No. 6 at 1. But "residency is not equivalent to citizenship." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). "[A] natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). It follows that "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, even assuming that 2020 Maxitransfers Trust is a traditional trust, Niehaus' California residency is insufficient to establish California citizenship.

Similarly, Maxitransfers' complaint alleges only that Cardenas Garcia is a Washington resident, as opposed to a Washington domiciliary. Dkt. No. 1 at 2. Maxitransfers has therefore also failed to plead Cardenas Garcia's citizenship. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]").

For the foregoing reasons, Maxitransfers' complaint, Dkt. No. 1, is DISMISSED WITHOUT PREJUDICE and its motion for a temporary restraining order, Dkt. No. 7, is DENIED as moot. On or before August 27, 2024, Maxitransfers may file an amended complaint that properly establishes the grounds for the Court's exercise of subject matter jurisdiction.

Dated this 6th day of August, 2024.

Lauren King
United States District Judge